IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. ROOSEVELT DAVIS, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 08 C 3710 |
| GENE JUNGWIRTH,[1] | ) ) | The Honorable George W. Lindberg, |
| Respondent. | ) | Judge Presiding. |

## MOTION TO DISMISS PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE FOR FAILURE TO EXHAUST AVAILABLE STATE COURT REMEDIES

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 7(b) of the Federal Rules of Civil Procedure, 28 U.S.C.

---

[1] Petitioner was placed on Mandatory Supervised Release (MSR) on June 25, 2008 and is currently scheduled to be released from MSR on June 25, 2010. Accordingly, petitioner's current custodian is Jesse Montgomery, Acting Chief of Parole, Illinois Department of Corrections (IDOC), and therefore Mr. Montgomery should be substituted as the proper respondent in this matter. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d)(1); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (citing *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996)); *Bridges v. Chambers*; 425 F.3d 1048, 1049-50 (7th Cir. 2005).

Petitioner's placement onto MSR, a form of parole, does not deprive this Court of subject matter jurisdiction, nor does it render this case moot because parole is a form of custody. *Virsnieks v. Smith*, 521 F.3d 707, 717 n.14 (7th Cir. 2008) (citing *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963)); *see also Cochran v. Buss*, 381 F.3d 637, 640-41 (7th Cir. 2004) (per curiam); *A.M. v. Butler*, 360 F.3d 787, 790 n.3 (7th Cir. 2004) (citing 28 U.S.C. § 2254(a); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

§ 2254(b)(1)(A), and this Court's order of July 2, 2008, (Doc. 5), respondent GENE JUNGWIRTH moves to dismiss without prejudice petitioner's petition for a writ of habeas corpus for failure to exhaust available state court remedies, and states the following in support:

## I.    FACTUAL AND PROCEDURAL BACKGROUND

1.    On August 18, 2005, in the Circuit Court of Cook County, petitioner was convicted of possession of a controlled substance and he was sentenced on November 8, 2005 to eight years' imprisonment.  (Doc. 1 at 1); (Exhibit A at 4-5). Petitioner appealed his judgment of conviction and sentence to the Appellate Court of Illinois and argued that the State failed to: (1) prove him guilty beyond a reasonable doubt because it failed to establish a sufficient chain of custody of the narcotics; and (2) disclose exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  (Doc. 1 at 2; *People v. Davis*, No. 1-05-3786 (Ill. App. Nov. 28, 2007).[2]  The appellate court affirmed.  (*Id.*)  Petitioner filed a petition for leave to appeal to the Supreme Court of Illinois (PLA), which was denied on May 29, 2008. (Doc. 1 at 2).  In his § 2254 petition, petitioner states that his PLA raised claims of: (1) ineffective assistance of appellate counsel, (2) failure to establish a proper chain of custody, and (3) the *Brady* claim.  (*Id.*)  Petitioner has not file a petition for a writ of certiorari in the Supreme Court of the United States.  (*Id.*)

2.    On March 13, 2007, petitioner filed in the state trial court a motion for

---

[2]  Petitioner has attached the appellate court's opinion and the order denying his petition for leave to appeal to the Supreme Court of Illinois to his petition.

relief from judgment that was denied on June 25, 2007. (*Id.* at 4). The state trial court docket reflects that a notice of appeal was filed on July 16, 2007. (Exhibit A at 9). Petitioner's appeal is presently pending in the appellate court. (*Id.*); *see also* (Doc. 1 at 4) ("I am currently awaiting appeal on my petition for relief from judgment which appellate attorneys are awaiting to file due to not having all of the record.").

      3.    On June 30, 2008, petitioner filed in this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising seven ineffective assistance of trial and appellate counsel arguments. (Doc. 1). On July 2, 2008, this Court ordered that respondent answer or otherwise plead by July 23, 2008. (Doc. 5).

      4.    In support of this motion, respondent attaches the following exhibit:

Exhibit A:    Docket Sheet, *People v. Davis*, No. 05 CR 2672 (Circuit Court of Cook County).

## II. The Petition Should Be Dismissed Without Prejudice Because Petitioner Has Not Exhausted His State Court Remedies.

"Where state remedies remain available to a habeas petitioner who has not fairly presented his constitutional claim to the state court, the exhaustion doctrine precludes a federal court from granting him relief on that claim: although a federal court now has the option of denying the claim on its merits, 28 U.S.C. § 2254(b)(2), it must otherwise dismiss his habeas petition without prejudice so that the petitioner may return to state court in order to litigate the claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Rose v. Lundy*, 455 U.S. 509, 522 (1982)); *see also*

*Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam) ("Federal petitions for habeas corpus may be granted only after other avenues of relief have been exhausted.") (citations omitted). Section 2254(b)'s exhaustion requirement "ensures that the state courts have the opportunity [to fully] consider federal-law challenges" in the first instance. *Duncan v. Walker*, 533 U.S. 167, 178 (2001) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rose*, 455 U.S. at 518-19).

Petitioner raises seven ineffective assistance of counsel arguments in his present federal habeas petition. These claims have not been exhausted in the state courts, and therefore dismissal without prejudice is the appropriate resolution. Petitioner has an available state court remedy to assert his claims of federal constitutional error: a petition filed pursuant to the Illinois Post-Conviction Hearing Act (Act), 725 ILCS 5/122-1 *et seq.* Under the Act, a person may obtain relief if he or she "asserts that in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1); *People v. Easley*, 736 N.E.2d 975, 984 (Ill. 2000) ("A proceeding brought under the [Act] is not an appeal of a defendant's underlying judgment. Rather, it is a collateral attack on the judgment. The purpose of the proceeding is to resolve allegations that constitutional violations occurred at trial, when those allegations have not been, and could not have been, adjudicated previously."); *see also People v. Pack*, 862 N.E.2d 938, 942 (Ill. 2007) (citing *People v. Correa*, 485 N.E.2d 307, 309

(Ill. 1985) (holding that individual on mandatory supervised release could file a postconviction petition).

The Act requires that a petition be filed no later than six months after the completion of the direct proceedings – in the present case the last day that petitioner could have filed a petition for a writ of certiorari to the Supreme Court of the United States. 725 ILCS 5/122-1(c). Petitioner is currently able to file a petition under the Act because the Act's time limitation has not yet expired. Petitioner's PLA was denied by the Illinois Supreme Court on May 29, 2008. (Doc. 1 at 2). Petitioner has ninety days from the May 29, 2008 to file a petition for a writ of certiorari in the Supreme Court of the United States. SUP. CT. R. 13. Finally, under the Act, petitioner has six additional months after the conclusion of the time period to file the certiorari petition. 725 ILCS 5/122-1(c). Consequently, petitioner has an available state court procedure under the Act to exhaust his federal constitutional claims until February 28, 2009. The present habeas petition should be dismissed without prejudice so that petitioner may return to state court to exhaust his claims under the Act.

Even if, as petitioner alleges, he raised an ineffective assistance of appellate counsel argument in his PLA on direct appeal, and that is the same as one raised in the present petition, this would not be sufficient to exhaust the issue in state court for purposes of federal habeas review. *See United States ex rel. Johnson v. Roth*, No. 96 C 4664, 1997 WL 83302, at *2 (N.D. Ill. Feb. 19, 1997) (citing *Crump v. Lane*, 807 F.2d 1394, 1396 (7th Cir. 1986); *People v. Vance*, 390 N.E.2d 867, 872 (Ill. 1979)

(noting that a denial of leave to appeal to the Supreme Court of Illinois is not a decision on the merits satisfying the exhaustion requirement)). And the PLA, of course, would not present any other ineffective assistance of counsel claims. Furthermore, petitioner has a pending state court proceeding that is not yet concluded. While petitioner may not be allowed to raise his present federal claims in that presently pending appeal, such a conclusion is premature and should not be reached until the state proceedings conclude. In any event, and most importantly, all of petitioner's claims are unexhausted and he has an available state remedy of the Post-Conviction Hearing Act in which he can assert them. As a result, the proper resolution is to dismiss the present petition without prejudice. *See Arrieta v. Battaglia*, 461 F.3d 861, 866 (7th Cir. 2006) (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (noting that *Rhines* allows for a stay instead of a dismissal in limited circumstance when there is a *mixed* federal petition containing both exhausted and unexhausted claims); *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006). Here, there is no indication in the record that dismissing the present petition without prejudice "would effectively end any chance at federal habeas review" for petitioner, and therefore a stay is not appropriate. *See Dolis*, 454 F.3d at 725 (citing *Pace v. DiGuglielmo*, 545 U.S. 408, 416 (2005); *Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002); *Post v. Gilmore*, 111 F.3d 556 (7th Cir. 1997)).

## CONCLUSION

This Court should dismiss petitioner's petition for a writ of habeas corpus

without prejudice for failure to exhaust available state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A). Should this Court deny this motion, respondent requests thirty days from the entry of the Court's order denying the motion to address the merits and any procedural defenses to the claims raised in the petition.

July 22, 2008                                    Respectfully submitted,

                                                   LISA MADIGAN
                                                   Attorney General of Illinois

                                 By:     /s/ Charles Redfern
                                                  CHARLES REDFERN, Bar # 6283811
                                                  Assistant Attorney General
                                                  100 W. Randolph Street, 12th Floor
                                                  Chicago, IL 60601-3218
                                                  PHONE: (312) 814-3565
                                                  FAX: (312) 814-2253
                                                  EMAIL: credfern@atg.state.il.us

## **CERTIFICATE OF SERVICE**

  I certify that on July 22, 2008, I electronically filed respondent's **Motion To Dismiss Petitioner's Petition For A Writ Of Habeas Corpus Without Prejudice For Failure To Exhaust Available State Court Remedies** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system and on the same date mailed a copy of this document in via United States Postal Service to the following non-CM/ECF user:

   Roosevelt Davis, N73889  Roosevelt Davis
   100 Hillcrest Road     7211 N. Bell, Apt. 1W
   East Moline, Illinois 61244  Chicago, Illinois 60645

            /s/ Charles Redfern
            CHARLES REDFERN, Bar # 6283811
            Assistant Attorney General
            100 W. Randolph Street, 12th Floor
            Chicago, IL 60601-3218
            PHONE: (312) 814-3565
            FAX: (312) 814-2253
            EMAIL: credfern@atg.state.il.us

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS                Page 001

PEOPLE OF THE STATE OF ILLINOIS

                VS                    NUMBER 05CR0267202

ROOSEVELT    DAVIS

        CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION with the Clerk of the Circuit Court.

Charging the above named defendant with:

  720-570/402(A)(2)(B)                    F        POSSESS 100<400 GRAMS COC
The following disposition(s) was/were rendered before the Honorable Judge(s):

```
01/31/05 IND/INFO-CLK OFFICE-PRES JUDGE         02/09/05 1701
         ID# CR10091325
02/09/05 CASE ASSIGNED                          02/09/05 1706
         BIEBEL, PAUL JR.
02/09/05 DEFENDANT NOT IN COURT                 00/00/00
         BIEBEL, PAUL JR.
02/09/05 DEFENDANT ON BOND                      00/00/00
         SURIA JR., FRED G.
02/09/05 APPEARANCE FILED                       00/00/00
         SURIA JR., FRED G.
02/09/05 DEFENDANT ARRAIGNED                    00/00/00
         SURIA JR., FRED G.
02/09/05 PLEA OF NOT GUILTY                     00/00/00
         SURIA JR., FRED G.
02/09/05 MOTION FOR DISCOVERY                   00/00/00 F      1
         SURIA JR., FRED G.
02/09/05 DISCOVERY ANSWER FILED                 00/00/00        1
         SURIA JR., FRED G.
02/09/05 O/C ONLY REL DEF ON C/D BOND           00/00/00
         SURIA JR., FRED G.
02/09/05 BAIL AMOUNT SET                        00/00/00           $   50000
         SURIA JR., FRED G.
02/09/05 CONTINUANCE BY AGREEMENT               03/09/05
         SURIA JR., FRED G.
03/09/05 DEFENDANT IN CUSTODY                   00/00/00
         SURIA JR., FRED G.
03/09/05 PRISONER DATA SHEET TO ISSUE           00/00/00
         SURIA JR., FRED G.
03/09/05 DEF DEMAND FOR TRIAL                   00/00/00
         SURIA JR., FRED G.
```

```
             IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 002

        PEOPLE OF THE STATE OF ILLINOIS

                         VS                   NUMBER 05CR0267202

        ROOSEVELT    DAVIS

             CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
 03/09/05 WITNESSES ORDERED TO APPEAR              00/00/00
     SURIA JR., FRED G.
 03/09/05 MOTION STATE - CONTINUANCE -MS           04/11/05
     SURIA JR., FRED G.
 04/11/05 DEFENDANT IN CUSTODY                     00/00/00
     SURIA JR., FRED G.
 04/11/05 PRISONER DATA SHEET TO ISSUE             00/00/00
     SURIA JR., FRED G.
 04/11/05 MOTION TO WITHDRAW AS ATTORNEY           00/00/00
     SURIA JR., FRED G.
 04/11/05 PUBLIC DEFENDER APPOINTED                00/00/00
     SURIA JR., FRED G.
 04/11/05 CONTINUANCE BY AGREEMENT                 04/25/05
     SURIA JR., FRED G.
 04/25/05 DEFENDANT IN CUSTODY                     00/00/00
     SURIA JR., FRED G.
 04/25/05 PRISONER DATA SHEET TO ISSUE             00/00/00
     SURIA JR., FRED G.
 04/25/05 MOTION FOR BAIL REDUCTION                00/00/00  F          2
     SURIA JR., FRED G.
 04/25/05 BAIL AMOUNT SET                          00/00/00       $   30000
     SURIA JR., FRED G.
 04/25/05 O/C ONLY REL DEF ON C/D BOND             00/00/00       $   30000
     SURIA JR., FRED G.
 04/25/05 CONTINUANCE BY AGREEMENT                 05/19/05
     SURIA JR., FRED G.
 05/19/05 DEFENDANT IN CUSTODY                     00/00/00
     SURIA JR., FRED G.
 05/19/05 PRISONER DATA SHEET TO ISSUE             00/00/00
     SURIA JR., FRED G.
 05/19/05 CONTINUANCE BY AGREEMENT                 06/08/05
     SURIA JR., FRED G.
 06/08/05 ADMONISH PER SP CT RULE 402              00/00/00
     SURIA JR., FRED G.
 06/08/05 DEFENDANT IN CUSTODY                     00/00/00
     SURIA JR., FRED G.
 06/08/05 PRISONER DATA SHEET TO ISSUE             00/00/00
     SURIA JR., FRED G.
```

```
         IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS         Page 003

     PEOPLE OF THE STATE OF ILLINOIS

                       VS                NUMBER 05CR0267202

     ROOSEVELT    DAVIS


             CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
06/08/05 MOTION FOR DISCOVERY                     00/00/00 F       2
    SURIA JR., FRED G.
06/08/05 MOTION TO SUPPRESS                       00/00/00 F       2
    EVIDENCE
    SURIA JR., FRED G.
06/08/05 MOTION TO QUASH ARREST                   00/00/00 F       2
    SURIA JR., FRED G.
06/08/05 WITNESSES ORDERED TO APPEAR              00/00/00
    SURIA JR., FRED G.
06/08/05 CHANGE PRIORITY STATUS         R         00/00/00
    SURIA JR., FRED G.
06/08/05 WITNESSES ORDERED TO APPEAR              00/00/00
    SURIA JR., FRED G.
06/08/05 CONTINUANCE BY AGREEMENT                 06/30/05
    SURIA JR., FRED G.
06/30/05 DEFENDANT IN CUSTODY                     00/00/00
    SURIA JR., FRED G.
06/30/05 PRISONER DATA SHEET TO ISSUE             00/00/00
    SURIA JR., FRED G.
06/30/05 MOTION TO SUPPRESS                       00/00/00 D       2
    SURIA JR., FRED G.
06/30/05 MOTION TO QUASH ARREST                   00/00/00 D       2
    SURIA JR., FRED G.
06/30/05 DEF DEMAND FOR TRIAL                     00/00/00
    SURIA JR., FRED G.
06/30/05 WITNESSES ORDERED TO APPEAR              00/00/00
    SURIA JR., FRED G.
06/30/05 MOTION STATE - CONTINUANCE -MS           08/04/05
    SURIA JR., FRED G.
08/04/05 DEFENDANT IN CUSTODY                     00/00/00
    SURIA JR., FRED G.
08/04/05 PRISONER DATA SHEET TO ISSUE             00/00/00
    SURIA JR., FRED G.
08/04/05 DISCOVERY ANSWER FILED                   00/00/00        2
    SURIA JR., FRED G.
08/04/05 DISCOVERY ANSWER FILED                   00/00/00        1
    SUPPLEMENTAL
    SURIA JR., FRED G.
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 004

PEOPLE OF THE STATE OF ILLINOIS

                VS               NUMBER 05CR0267202

ROOSEVELT     DAVIS

### CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

  I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

```
08/04/05 SPECIAL ORDER                                      00/00/00
         SUBPOENA FOE 4 OFFICERS FILED
         SURIA JR., FRED G.
08/04/05 WITNESSES ORDERED TO APPEAR                        00/00/00
         SURIA JR., FRED G.
08/04/05 MOTION DEFT - CONTINUANCE - MD                     08/15/05
         SURIA JR., FRED G.
08/15/05 DEFENDANT IN CUSTODY                               00/00/00
         SURIA JR., FRED G.
08/15/05 PRISONER DATA SHEET TO ISSUE                       00/00/00
         SURIA JR., FRED G.
08/15/05 CONTINUANCE BY AGREEMENT                           08/17/05
         SURIA JR., FRED G.
08/17/05 DEFENDANT IN CUSTODY                               00/00/00
         SURIA JR., FRED G.
08/17/05 PRISONER DATA SHEET TO ISSUE                       00/00/00
         SURIA JR., FRED G.
08/17/05 TRANSFERRED                                        08/17/05 1726
         SURIA JR., FRED G.
08/17/05 TRANSFERRED                                        08/17/05 1750
         SURIA JR., FRED G.
08/17/05 TRANSFERRED                                        08/17/05 1750
         TOOMIN, MICHAEL P.
08/18/05 DEFENDANT IN CUSTODY                               00/00/00
         BROSNAHAN, MARY MARGARET
08/18/05 PRISONER DATA SHEET TO ISSUE                       00/00/00
         BROSNAHAN, MARY MARGARET
08/18/05 VERDICT OF GUILTY                          C001    00/00/00
         BROSNAHAN, MARY MARGARET
08/18/05 BAIL REVOKED                                       00/00/00
         BROSNAHAN, MARY MARGARET
08/18/05 PRE-SENT INVEST. ORD, CONTD TO                     00/00/00
         BROSNAHAN, MARY MARGARET
08/18/05 CHANGE PRIORITY STATUS              M              00/00/00
         BROSNAHAN, MARY MARGARET
08/18/05 CONTINUANCE BY ORDER OF COURT                      09/20/05
         BROSNAHAN, MARY MARGARET
```

```
              IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 005

     PEOPLE OF THE STATE OF ILLINOIS

                     VS                    NUMBER 05CR0267202

     ROOSEVELT    DAVIS

           CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

     I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
09/20/05 DEFENDANT IN CUSTODY                      00/00/00
     BROSNAHAN, MARY MARGARET
09/20/05 PRISONER DATA SHEET TO ISSUE              00/00/00
     BROSNAHAN, MARY MARGARET
09/20/05 SPECIAL ORDER                             00/00/00
     PRO SE MOTION FOR INEFFECTIVE ASSISTANCE OF COUNSEL DENIED
     BROSNAHAN, MARY MARGARET
09/20/05 CONTINUANCE BY AGREEMENT                  10/06/05
     BROSNAHAN, MARY MARGARET
10/06/05 DEFENDANT IN CUSTODY                      00/00/00
     BROSNAHAN, MARY MARGARET
10/06/05 PRISONER DATA SHEET TO ISSUE              00/00/00
     BROSNAHAN, MARY MARGARET
10/06/05 CONTINUANCE BY ORDER OF COURT             10/24/05
     BROSNAHAN, MARY MARGARET
10/24/05 CASE ASSIGNED                             10/24/05 1750
     FORD, NICHOLAS R.
10/24/05 DEFENDANT IN CUSTODY                      00/00/00
     PALMER, STUART E.
10/24/05 PRISONER DATA SHEET TO ISSUE              00/00/00
     PALMER, STUART E.
10/24/05 CONTINUANCE BY AGREEMENT                  11/08/05
     PALMER, STUART E.
11/08/05 DEFENDANT IN CUSTODY                      00/00/00
     BROSNAHAN, MARY MARGARET
11/08/05 MOTION DEFENDANT - NEW TRIAL              00/00/00 D         2
     BROSNAHAN, MARY MARGARET
11/08/05 DEF SENTENCED ILLINOIS DOC         C001   00/00/00
          8 YRS
     BROSNAHAN, MARY MARGARET
11/08/05 CREDIT DEFENDANT FOR TIME SERV            00/00/00
          313 DYS
     BROSNAHAN, MARY MARGARET
11/08/05 DEF ADVISED OF RIGHT TO APPEAL            00/00/00
     BROSNAHAN, MARY MARGARET
11/08/05 FINES COSTS FEES PER DRFT ORD             00/00/00         $    2629
     BROSNAHAN, MARY MARGARET
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS             Page 006

PEOPLE OF THE STATE OF ILLINOIS

                       VS                    NUMBER 05CR0267202

ROOSEVELT    DAVIS

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

```
11/08/05 MOTION TO REDUCE SENTENCE               00/00/00
         BROSNAHAN, MARY MARGARET
11/08/05 CHANGE PRIORITY STATUS              M   00/00/00
         BROSNAHAN, MARY MARGARET
11/08/05 NOTICE OF APPEAL FILED, TRNSFR          00/00/00
11/15/05 NOTICE OF NOTICE OF APP MAILED          00/00/00
11/15/05 HEARING DATE ASSIGNED                   11/18/05 1713
11/18/05 ILL STATE APPELLATE DEF APPTD           00/00/00
         BIEBEL, PAUL JR.
11/18/05 O/C FREE REPT OF PROCD ORD N/C          00/00/00
         BIEBEL, PAUL JR.
11/18/05 MEMO OF ORDS & NOA PICKED-UP            00/00/00
         BIEBEL, PAUL JR.
12/01/05 APPELLATE COURT NUMBER ASGND            00/00/00 05-3786
01/12/06 CLR RECD BY APP COUNSEL                 00/00/00
         PUBLIC DEFENDER - ONE VOLUME
04/21/06 REPT OF PRCDS ORD FR CRT RPT            00/00/00
06/29/06 SPECIAL ORDER                           00/00/00 F      2
         MOTION-RELIEF OF JUDGEMENT.
06/29/06 HEARING DATE ASSIGNED                   07/06/06 1750
07/13/06 M/D PETN FOR TRNSCT,COMLAW RCD          00/00/00 F      2
07/13/06 HEARING DATE ASSIGNED                   07/19/06 1716
07/19/06 CONTINUANCE BY ORDER OF COURT           07/21/06
         BROSNAHAN, MARY MARGARET
07/21/06 CONTINUANCE BY ORDER OF COURT           07/27/06
         BROSNAHAN, MARY MARGARET
07/27/06 CONTINUANCE BY ORDER OF COURT           08/03/06
         BROSNAHAN, MARY MARGARET
08/03/06 DEFENDANT ON BOND                       00/00/00
         BROSNAHAN, MARY MARGARET
08/03/06 CONTINUANCE BY AGREEMENT                08/15/06
         BROSNAHAN, MARY MARGARET
08/15/06 DEFENDANT ON BOND                       00/00/00
         BROSNAHAN, MARY MARGARET
08/15/06 SPECIAL ORDER
         MOTION REINSTATE DEFENSE PETITION/POST CONVICTION
         BROSNAHAN, MARY MARGARET
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 007

PEOPLE OF THE STATE OF ILLINOIS

                VS          NUMBER 05CR0267202

ROOSEVELT     DAVIS

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

```
08/15/06 SPECIAL ORDER                                 00/00/00
     DEFENDANT HAS 45 DAYS TO RESPOND
     BROSNAHAN, MARY MARGARET
08/15/06 CONTINUANCE BY ORDER OF COURT                 10/05/06
     BROSNAHAN, MARY MARGARET
10/05/06 DEFENDANT NOT IN COURT                        00/00/00
     BROSNAHAN, MARY MARGARET
10/05/06 DEFENDANT IN CUSTODY                          00/00/00
     BROSNAHAN, MARY MARGARET
10/05/06 SPECIAL ORDER                                 00/00/00
     NOTICE DEFT TO RE-CHARACTERIZE HIS PETITION P.C.
     BROSNAHAN, MARY MARGARET
10/05/06 CONTINUANCE BY ORDER OF COURT                 11/27/06
     BROSNAHAN, MARY MARGARET
11/03/06 SPECIAL ORDER                                 00/00/00 F       2
     MOTION-RESPOND TO COURT JUDGEMENT ORDER.
11/03/06 HEARING DATE ASSIGNED                         11/27/06 1716
11/16/06 SPECIAL ORDER                                 00/00/00 F       2
     MOTION-RELEASE TRANSCRIPTS.
11/16/06 HEARING DATE ASSIGNED                         11/27/06 1716
11/27/06 DEFENDANT NOT IN COURT                        00/00/00
     BROSNAHAN, MARY MARGARET
11/27/06 SPECIAL ORDER                                 00/00/00
     MOTION DENIED CLERK TO NOTIFY
     BROSNAHAN, MARY MARGARET
12/20/06 TRANS PROC REC/FILED CLKS OFF                 00/00/00
     THREE VOLUMES
12/21/06 SUPPL REPORT OF PRCD PREPARED                 00/00/00
     THREE VOLUMES
03/19/07 SPECIAL ORDER                                 00/00/00 F       2
     RELIEF OF JUDGEMENT.
03/19/07 HEARING DATE ASSIGNED                         03/26/07 1706
03/26/07 SPECIAL ORDER                                 00/00/00
     ON CALL IN ERROR
     CLAPS JOSEPH M
03/26/07 TRANSFERRED                                   03/30/07 1716
     CLAPS JOSEPH M
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS           Page 008

PEOPLE OF THE STATE OF ILLINOIS

      VS      NUMBER 05CR0267202

 ROOSEVELT  DAVIS

   CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

 I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

```
The States Attorney of Cook County filed an INDICTMENT/INFORMATION
03/30/07 DEFENDANT NOT IN COURT                    00/00/00
      BROSNAHAN, MARY MARGARET
03/30/07 SPECIAL ORDER                             00/00/00
      NO FILE IN COURT
      BROSNAHAN, MARY MARGARET
03/30/07 CONTINUANCE BY ORDER OF COURT             04/09/07
      BROSNAHAN, MARY MARGARET
04/09/07 DEFENDANT NOT IN COURT                    00/00/00
      WOJKOWSKI, GREGORY J.
04/09/07 CONTINUANCE BY ORDER OF COURT             04/16/07
      CLERK HAS ORDER FILE TWICE (NO FILE IN COURT)
      WOJKOWSKI, GREGORY J.
04/16/07 DEFENDANT NOT IN COURT                    00/00/00
      BROSNAHAN, MARY MARGARET
04/16/07 CONTINUANCE BY ORDER OF COURT             04/18/07
      BROSNAHAN, MARY MARGARET
04/18/07 DEFENDANT NOT IN COURT                    00/00/00
      BROSNAHAN, MARY MARGARET
04/18/07 CONTINUANCE BY ORDER OF COURT             04/20/07
      BROSNAHAN, MARY MARGARET
05/18/07 DEFENDANT NOT IN COURT                    00/00/00
      BROSNAHAN, MARY MARGARET
05/18/07 CONTINUANCE BY ORDER OF COURT             06/08/07
      BROSNAHAN, MARY MARGARET
05/31/07 SPECIAL ORDER                             00/00/00 F        2
      STATUS & DISPOITION.
05/31/07 HEARING DATE ASSIGNED                     06/08/07 1716
06/08/07 DEFENDANT IN CUSTODY                      00/00/00
      FORD, NICHOLAS R.
06/08/07 PRISONER DATA SHEET TO ISSUE              00/00/00
      FORD, NICHOLAS R.
06/08/07 CONTINUANCE BY AGREEMENT                  06/25/07
      FORD, NICHOLAS R.
06/25/07 SPECIAL ORDER                             00/00/00
      DEFENDANT PRESENT IN OPEN COURT
      BROSNAHAN, MARY MARGARET
06/25/07 SPECIAL ORDER                             00/00/00
      MOTION FOR POST JUDGMENT RELIEF UNDER 2-1401 DENIED
      BROSNAHAN, MARY MARGARET
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS      Page 009

PEOPLE OF THE STATE OF ILLINOIS

       VS          NUMBER 05CR0267202

ROOSEVELT   DAVIS

### CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

```
06/25/07 SPECIAL ORDER                               00/00/00
         WRITTEN ORDER TENDERED
         BROSNAHAN, MARY MARGARET
07/17/07 NOTICE OF NOTICE OF APP MAILED              00/00/00
07/17/07 HEARING DATE ASSIGNED                       07/20/07 1713
07/16/07 NOTICE OF APPEAL FILED, TRNSFR              06/25/07
07/25/07 APPELLATE COURT NUMBER ASGND                00/00/00 07-2012
07/26/07 COMMON LAW RECORD PREPARED                  00/00/00 07-2012
         ONE VOLUME
07/31/07 CLR RECD BY APP COUNSEL                     00/00/00 07-2012
         STATE APPELLATE DEFENDER - ONE VOLUME
08/17/07 REPT OF PRCDS ORD FR CRT RPT                00/00/00
09/21/07 SUPPLEMENTAL CLR PREPARED                   00/00/00 07-2012
         05CR0267202 472
09/21/07 SUPPLEMENTAL CLR PREPARED                   00/00/00 07-2012
         05CR0267202 472
09/21/07 SUPPLEMENTAL CLR PREPARED                   00/00/00 07-2012
         ONE VOLUME SUPPLEMENTAL OF CERTAIN DOCUMENTS
09/24/07 SUPPL REC RECD BY APPL COUNSEL              00/00/00 07-2012
         STATE APPELLATE DEFENDER - ONE VOLUME
03/05/08 TRANS PROC REC/FILED CLKS OFF               00/00/00
         ONE VOLUME
03/07/08 REPORT OF PROCEEDINGS PREPARED              00/00/00 07-2012
         ONE VOLUME
03/11/08 REPRT/PROCDS RECD BY APP ATTRY              00/00/00 07-2012
         STATE APPELLATE DEFENDER - ONE VOLUME
07/09/08 SPECIAL ORDER                               00/00/00
         REQUESTING FREE COPIES OF PRELIMINARY HEARING TRASCRIPTS
         WADAS, KENNETH J.
07/09/08 SUPPL REPORT OF PRCD PREPARED               00/00/00 07-2012
         TWO VOLUMES 470
```



I hereby certify that the foregoing has been entered of record on the above captioned case.
Date 07/10/08

_Dorothy Brown_
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY