**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| ROOSEVELT DAVIS, | ) | | |
| Petitioner, | ) | | |
| | ) | No. 08 C 3710 | |
| -vs- | ) | | |
| | ) | Senior U.S. District Judge | |
| | ) | GEORGE W. LINDBERG | |
| GENE JUNGWIRTH, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM AND ORDER**

Respondent has moved pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 7(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 2254(b)(1)(A), and this Court's order of July 2, 2008 [5], to dismiss without prejudice Roosevelt Davis's petition for a writ for habeas corpus. Because petitioner has failed to exhaust available state court remedies, respondent's motion is granted.

Petitioner has raised seven ineffective assistance of counsel arguments in his federal habeas corpus petition, which were not properly raised in state court proceedings. However, a petition for a writ of habeas corpus must be denied if it appears that all State court claims have not been exhausted, unless there is an absence of available State corrective process or circumstances render such processes ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1). In this case, the Illinois Post-Conviction Hearing Act allows a person to obtain relief if that person "asserts in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1). Under this act, a person who does not file a petition for writ of certiorari in

08 C 3710

the United States Supreme Court may commence post conviction proceedings no later than six months after the date for filing a certiorari petition. 725 ILCS 5/122-1(c). In this case, the last day petitioner could have petitioned for a writ of certiorari in the United States Supreme Court was August 27, 2008, ninety days after May 29, 2008. U.S. Sup. Ct. Rule 13, 28 U.S.C.A. Accordingly, petitioner has an available State court procedure under the Illinois Post-Conviction Hearing Act until February 28, 2009. Further, petitioner has made no argument why circumstances would render the Act ineffective in protecting his rights, so the habeas petition will be dismissed.

**ORDERED:** Petitioner's petition for writ of habeas corpus is dismissed without prejudice for failing to exhaust available State court remedies pursuant to 28 U.S.C. §2254(b)(1)(A).

ENTER:

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: October 23, 2008

2